UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * *

Shaw Environmental, Inc.,

      Plaintiff,

vs.

The Hanover Insurance Company,
a/k/a The Hanover Insurance
Group, Inc.,

      Defendant.  Civ. No. 09-3160 (JNE/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Defendant's Third Motion to Stay Litigation Pending Arbitration.

A Hearing on the Motion was conducted on June 17, 2010, at which time, the Plaintiff appeared by John D. Kelly, and David L. Tilden, Esqs., and the Defendant appeared by Scott H. Ikeda, Esq. For reasons expressed at the close of the Hearing,

and briefly reiterated below, we recommend that the Defendant's Motion to Stay Litigation be granted.[1]

## II. Discussion

This is the third occasion, and the fourth Hearing, in which we have addressed the Defendant's interest in staying this litigation, while the Plaintiff, and MCM Marine, Inc. ("MCM") pursue an arbitration of a dispute which arose from a contract to remediate a portion of the St. Louis River, in Duluth, Minnesota. MCM was the principal of a performance bond, which had been issued by the Defendant, as to the work that MCM had contracted to perform for the Plaintiff, which was the owner of the bond. The Plaintiff alleges that MCM breached its contract with the Plaintiff, and Plaintiff sought to collect on the bond. Although the Defendant, as the issuer of the bond, had the contractual right to require MCM to complete the contract, or the right

---

[1] We are not entirely convinced, under the circumstances here, that a Motion for a Stay is dispositive in nature, but out of deference to the District Court, which presides over this case, and which might have a different view of how the case should be managed, we express our conclusion in a Recommendation to that Court. Under the unique circumstances presented by the parties in this matter, during the time that the District Court considers any objection to this Recommendation, the Defendant can complete its discovery obligations with respect to the Plaintiff's paper discovery. In our Order of April 22, 2010, we advised that, "until such time as this Court stays this matter, the parties will stay their respective pretrial obligations a[t] their own peril." We expect the Defendant to honor the Plaintiff's discovery requests before the Stay takes effect.

to hire another contractor to do the work, the Defendant elected to allow the Plaintiff to proceed with the work and submit its billings to the Defendant, in order to allow the Defendant to investigate the propriety of those billings. When the Plaintiff did not receive payment under the bond, it sued the Defendant in Minnesota District Court, and subsequently, the Defendant removed that action to this Court.

Arguing that the issues between the Plaintiff and MCM are subject to resolution, in the first instance, by arbitration, the Defendant asked that we stay this proceeding in order to allow the arbitration to proceed. On two (2) prior occasions, we were not persuaded that arbitration was being sought by MCM, and we denied those prior Motions to Stay, but without prejudice. See, Order of January 19, 2010, Docket No. 24, and Order of April 22, 2010, Docket No. 45. Since our last Order on the subject, MCM, and the Plaintiff, have engaged in the selection of a panel of arbitrators, have delineated the issues in their respective claims against the other, and have conferred in order to set discovery and Hearing dates. Although the failure of the Defendant to demonstrate, that arbitration was being sought by MCM, was one of the bases for our previous denials of a Stay, the Plaintiff now concedes that the arbitration proceeding is properly progressing. See, Plaintiff's Memorandum in Opposition, Docket No. 52, at p. 3 of 8 ("[The Plaintiff] concedes that the MCM

arbitration proceedings have been moving forward."); see also, Affidavit of David L. Tilden, Docket No. 53, at p. 2¶6 (same).  Accordingly, we find no basis to deny the Motion for a Stay on that ground.

As a second basis for our prior denials of a Stay, we expressed concern as to the overlap, if any, of the issues to be litigated in this proceeding, and those in contest before the arbitrators.  Since the last time that we addressed that issue, MCM has filed an Amended Arbitration Demand, in which it lists some eleven (11) claims for monetary relief from the Plaintiff.  See, Id.,Exhibit 2, Docket No. 53-1, at p. 7 of 7.  While the Plaintiff characterizes MCM's listing of claims as impermissibly generic, we are satisfied that those claims go to the heart of the dispute between the Plaintiff and MCM.  In its own Amended Answering Statement and Counterclaim Request, the Plaintiff has described its Counterclaim, for the arbitrators, as follows:

> Respondent [i.e., Plaintiff, here] denies each and every claim presented in Claimant's Amended Demand for Arbitration.  Respondent has an action pending against Claimant's surety in the United States District Court of Minnesota Civil File No.: 0:09-cv-3160 (JNE/RLE).  Respondent has a counterclaim, in response to Claimant's Amended Demand, for non-performance and defective work involving union operators to load capping materials, improperly installed turbidity curtain, site cost during tru-bidity [sic] curtain replacement, additional surveys, over-applied materials, operation of WFP, purchase of turbidity

    curtain, fish herding, reprocurement costs, outside marine consultant, extended bond cost and liquidated damages in accordance with the terms of the Subcontract between Claimant and Respondent.

<u>Docket No. 55</u>.[2]

The Plaintiff estimated that the dollar amount of its Counterclaim against MCM was: "1,000,000.00 to 5,000,000.00." <u>Id.</u>

  As we advised, at the time of the Hearing, between the claims of MCM, and the Counterclaim of the Plaintiff, we are satisfied that the substance of any contract dispute between MCM and the Plaintiff, as it should relate to the Plaintiff's breach of contract claim against the Defendant, will be aired before, and resolved by, the arbitrators. Although, arguably, there are separate claims by the Plaintiff, and defenses by the Defendant, which may relate to the performance bond, and the procedures for the submission and resolution of claims under the bond, we are hard-pressed to identify what those claims -- which would be separate from those in arbitration -- would be. To be sure, the Defendant has raised a number of boilerplate affirmative defenses, in its Answer to the Plaintiff's Amended Complaint, see, <u>Answer, Docket No. 7</u>, at pp. 5 and 6 of 7, but we seriously doubt that any raise a

---

  [2]Counsel for the Defendant submitted, with the agreement of counsel for the Plaintiff, the Plaintiff's Amended Answering Statement and Counterclaim Request, which is dated June 7, 2010, for our review.

question which would require discovery, or Motion practice, before this Court. In our view, and neither party persuaded us to the contrary, or seriously attempted to do so, the results of the arbitration will effectively vitiate any further proceedings in this Court, other than an effort to enforce the arbitrators' award.[3]

Given our conclusion, that the underlying arbitration will effectively resolve the respective claims, and defenses, in this action, we find that the circumstances warrant a discretionary Stay. See, AgGrow Oils, L.L.C. v. Nat'l Union Fire Insur. Co. of Pittsburgh, 242 F.3d 777, 782 (8th Cir. 2001)("[T]he district court has discretion to stay 'third party litigation [that] involves common questions of fact that are within the scope of the arbitration agreement' in the Construction Contract," as "a discretionary stay may well be needed to further the strong federal policy favoring agreements to arbitrate.")[citations omitted]; see also, Contracting Northwest, Inc. v. City of Fredericksburg, 713 F.2d 382, 387 (8th Cir. 1983). As a consequence, we recommend

---

[3]Conceivably, one party or the other in this proceeding, could attempt to distance itself from the arbitrators' award but, for reasons we expressed on the Record, we doubt that any such attempt would be successful.

that this action be placed in an Administrative Stay pending the completion of arbitration.[4]

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendant's Third Motion to Stay Litigation Pending Arbitration [Docket No. 46] be granted.

Dated: June 17, 2010     *s/Raymond L. Erickson*
                         Raymond L. Erickson
                         CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 1, 2010**, a writing which specifically identifies those portions of the Report to which

---

[4]As we did at the Hearing, we caution the parties, and nonparty MCM, that they should not falter in pursuing arbitration. We seriously doubt that any Court, having been burdened with the conduct of four (4) Hearings to consider the propriety of a Stay, should be constrained in lifting the Stay should the reason for the Stay be undermined by an unwillingness to aggressively pursue arbitration.

objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 1, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.